## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | | |
|---|---|---|
| KWAME OPPONG, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 7:21-cv-5 |
| | § | |
| HOME DEPOT U.S.A., INC. D/B/A | § | |
| THE HOME DEPOT AND THE HOME | § | |
| DEPOT, | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANT HOME DEPOT U.S.A., INC.'S
### NOTICE OF REMOVAL AND BRIEF IN SUPPORT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now come **HOME DEPOT U.S.A., INC. and THE HOME DEPOT** (referred to herein as "Defendant" as the two entities are one and the same and Plaintiff mistakenly identifies the same entity as two separate parties), and file this Notice of Removal under 28 U.S.C. § 1441(c) and Brief in Support:

### I.
### STATEMENT OF GROUNDS FOR REMOVAL

1.      Plaintiff filed this lawsuit in the County Court at Law, Midland County, Texas, in Cause No. CC22826 styled "*Kwame Oppong v. Home Depot U.S.A., Inc. Ind. and d/b/a The Home Depot and The Home Depot" (sic)*." A true and correct copy of the Original Petition is attached as Exhibit A-2.

2.      Plaintiff sued Defendant alleging negligence arising out of a workplace injury suffered by Plaintiff while employed by The Home Depot.

3.      Home Depot U.S.A., Inc. ("The Home Depot") was served on October 13, 2020. Exhibit A-3.

4.      Defendant files this removal within 30 days after the receipt of Plaintiff's Responses to Defendant's First Request for Admissions, an "other paper", as required by 28 U.S.C. §1446(b)(3).

5.      Prior to removal, Defendant filed its Original Answer on November 4, 2020, in the state court action, a true and correct copy of which is attached hereto as Exhibit A-5.

6.      The state court action is one over which this Court has original jurisdiction under the provisions of 28 USC §1332. As such, this matter may be removed to this Court pursuant to 28 USC §1332 because there is complete diversity between the parties. 28 USC §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 USC §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

7.      Defendant denies Plaintiff's claims.

8.      As required by 28 U.S.C. §1446(a), true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| Exhibit: | Description of Exhibit: |
| --- | --- |
| **Exhibit A** | **Index of Pleadings;** |
| **Exhibit A-1** | **State Court Docket Sheet;** |
| **Exhibit A-2** | **Plaintiff's Original Petition;** |
| **Exhibit A-3** | **Citation served on Home Depot U.S.A., Inc. October 13, 2020;** |
| **Exhibit A-4** | **Citation served on "The Home Depot" October 13, 2020;** |
| **Exhibit A-5** | **Defendants' Original Answer, filed November 4, 2020** |

| | |
|---|---|
| **Exhibit A-6** | **Notice of Filing of Notice of Removal (to be filed after this Notice of Removal is filed);** |
| **Exhibit B** | **Plaintiff's Responses to Defendant Home Depot U.S.A. Inc.'s First Request for Admissions;** |
| **Exhibit C** | **Disclosure Statement.** |

## II.
### DIVERSITY OF CITIZENSHIP

9.      Plaintiff is an individual, who resides in and is a citizen of Midland County, Texas.

10.      Defendant Home Depot U.S.A., Inc. ("The Home Depot") is a foreign corporation incorporated in Delaware, and has its principal place of business in Fulton County, Georgia. Accordingly, The Home Depot has at all relevant times been a citizen of Delaware and Georgia.

11.      Plaintiff is a citizen of Texas; Defendant is a citizen of Delaware and Georgia. Thus, at both the time of filing the original action in state court and at the time of this removal, complete diversity of citizenship has existed among the parties. Removal is proper. 28 USC §1332(a).

## III.
### AMOUNT IN CONTROVERSY

12.      Defendant would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000.

13.      Plaintiff alleges in his Original Petition that he "has been damaged and seeks recovery for his injuries in an amount greater that is less than $70,000.00." Exhibit A-2, Petition ¶ VII.  This pleading, while unclear, is not controlling, and is merely an attempt to avoid this Court's jurisdiction.  *See De Aguilar v. Boeing, Co*., 47 F.3d 1404, 1410 (5th Cir. 1995)(" The

inquiry, however, does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith.").

14.     If a defendant does not have enough information to support removal within 30 days after the suit is filed, it is permitted to serve discovery in the state court proceeding to assist with the determination of the amount.  *See* 28 U.S.C. §1446(c)(3)(A).

15.     Given the ambiguity in Plaintiff's pleading regarding the amount in controversy (that the Plaintiff "has been damaged and seeks recovery for his injuries in an amount greater that is less than $70,000.00"), The Home Depot served written discovery, and specifically Requests for Admissions, on him on November 16, 2020, to which he responded on December 15, 2020.  Exhibits A-2 and B.

16.     The Home Depot's Request for Admission No. 3 requests Plaintiff to "[a]dmit the subjective value of your rights and claims asserted in this lawsuit does not exceed $75,000." Exhibit B at 2.  Plaintiff denied that request.  *Id*.

17.     The Home Depot's Request for Admission No. 4 requests Plaintiff to "[a]dmit that you are not entitled to punitive damages in this lawsuit, and are therefore not seeking such damages from Defendant." *Id*. Plaintiff denied that request.  *Id*.  Importantly, Plaintiff's Original Petition asserted no such claim for punitive damages yet his discovery responses are indicative of his intention to pursue those damages in this litigation.

18.     The Home Depot's Request for Admission No. 13 requests Plaintiff to "[a]dmit that you stipulate the total value in controversy in this cause of action does not exceed $75,000, including any claim for exemplary damages, and exclusive of interest and cost."  *Id*. at 4. Plaintiff likewise denied that request.  *Id*.

19.     As the above-referenced discovery constitutes an "other paper" sufficient of conferring jurisdiction to this Court under 28 U.S.C. §1446(b)(3), this matter is properly removable to this Court and therefore subject to its jurisdiction.

20.     Based on Plaintiff's ambiguous pleading and responses to The Home Depot's written discovery requests, it is apparent that the amount in controversy in this matter is in excess of $75,000.   Any statements to the contrary contained in Plaintiff's pleading are merely an attempt to avoid this Court's jurisdiction and should therefore be disregarded.  *See Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 536 (W.D. Tex. 2016); *Ford v. United Parcel Service, Inc.*, 2014 WL 4105965, at *4 (N.D. Tex. Aug. 21, 2014).

### IV.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

21.     Pursuant to 28 U.S.C. §§1441 and 1446(b)(3), this Notice of Removal is timely, it being filed no more than thirty (30) days after the undersigned's receipt of other paper from which it may first be ascertained that the case is one which is or has become removable.

22.     The United States District Court for the Western District of Texas encompasses Midland County, the county in which the State Court Proceeding is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

23.     There are no other known non-diverse proper parties to this action.

24.     In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibits A-1 through A-5 are copies of all process and pleadings from the state court proceedings.

25.     Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of Court for the County Court at Law of Midland County, Texas, to effect the removal of the civil action to this

Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the State Court Proceeding is attached hereto as Exhibit A-6.

26.     Defendant specifically reserves the right to amend or supplement this Notice of Removal.

27.     By virtue of this removal, Defendant does not waive its rights to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

## V.
## JURY DEMAND

28.     Plaintiff demanded a jury in the state court action.

WHEREFORE, PREMISES CONSIDERED, Defendant HOME DEPOT U.S.A., INC. prays the Court remove the case styled "*Kwame Oppong v. Home Depot U.S.A., Inc. Ind. and d/b/a The Home Depot and The Home Depot" b*earing Cause No. CC22826, pending in the County Court at Law of Midland County, Texas, to the United States District Court, Western District of Texas, Midland Division, and for such other and further relief to which it is entitled at law or in equity.

Respectfully submitted,

MULLIN HOARD & BROWN, L.L.P.
Chad L. Farrar, SBN 00793716
C. Brett Stecklein, SBN 00794688
Katie Harrison, SBN 24062767
2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
Telephone:     (214) 754-0040
Facsimile:     (214) 754-0043
cfarrar@mhba.com
bstecklein@mhba.com
kharrison@mhba.com

  /s/ Chad L. Farrar_____
Chad L. Farrar

***Attorney for Defendant***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all known counsel of record, as indicated below, in conformity to the FEDERAL RULES OF CIVIL PROCEDURE on this 14th day of January, 2021.

**Via ECF and via email**
Kevin B. Miller
Mark A. Cevallos
LAW OFFICES OF MILLER & BICKLEIN
519 Golder Ave.
Odessa, Texas 79761

____/s/ Chad L. Farrar_____
Chad L. Farrar