UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT FOR TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| KWAME OPPONG | § § § | |
| VS. | § § | NO. MO:21-cv-00005 DC |
| HOME DEPOT U.S.A., INC. IND. AND D/B/A THE HOME DEPOT AND THE HOME DEPOT | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, KWAME OPPONG, PLAINTIFF, complaining of HOME DEPOT U.S.A., INC., INDIVIDUALLY AND D/B/A THE HOME DEPOT, AND THE HOME DEPOT, DEFENDANTS, and for cause of action would show

1.  Plaintiff is a resident of Midland County, Texas.

    Defendant, Home Depot U.S.A., Inc., has appeared and no further service is necessary.

    Defendant, The Home Depot, has appeared and no further service is necessary.

2.  Venue is proper in the Western District of Texas as the incident which gives rise to Plaintiff's claims occurred in Midland County, Texas, which is in the Western District of Texas, Midland–Odessa Division.

3.  Plaintiff brings this suit to recover damages sustained by Plaintiff in a work place accident which occurred in Midland County, Texas, on or about November 1, 2018, which accident was proximately caused by the negligence of the Defendants.

Plaintiff, KWAME OPPONG, while exercising due care for his own safety, was in the course and scope of his employment with the Defendants. As a result of the negligence of the Defendants he was violently and suddenly struck by a box that was not properly secured by a co-worker on top of a pallet of goods. When Plaintiff attempted to move the pallet of goods the box fell and landed on his face, injuring his teeth, mouth, face, and body generally. Defendants were guilty of negligence under a theory of co-employee negligence and failure to train and properly supervise. Defendants further had a negligence procedure for stacking the boxes and securing them.

4. Plaintiff, KWAME OPPONG, at the time and on the occasion in question was an employee of the Defendants.

5. Defendants at the time of the accident in question were not a subscriber to the Texas Workers' Compensation Act in the State of Texas which would have covered the Plaintiff for his injuries.

6. Plaintiff, KWAME OPPONG, at the time and on the occasion in question was performing his normal job duties assigned to him and was injured as a result of a failure to provide a safe work environment, failure to provide safe equipment, and the negligent acts of a coworker.

7. At the time and on the occasion in question, Defendants were negligent of various acts and omissions, which negligence was the proximate cause of the occurrence in question, as listed above.

8.	Defendants failed to provide the Plaintiff with a safe work place and failed to properly supervise its employees to insure that safe work place practices were being employed.

9.	As a result of the accident above described, Plaintiff suffered severe personal injuries, causing Plaintiff to incur reasonable and necessary medical expenses, physical pain and mental anguish, disfigurement, impairment, loss of earnings, all in the past, and in reasonable probability, will continue to suffer same in the future by reason of the nature and severity of the Plaintiff's injuries.

10.	By reason of the above and foregoing, Plaintiff has been damaged and seeks recovery for his injuries in a fair and reasonable jury in an amount that exceeds the minimum jurisdictional limits of this Court, to wit: in excess of $150,000.

11.	Plaintiff says there can be no sole proximate cause on the part of the Plaintiff because the negligence of the Defendant and a co-employee is the proximate cause of the accident and injuries, and there can be no sole cause.

12.	WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein and that upon a final trial of this cause, Plaintiff recovers: judgment against Defendants for Plaintiff's damages as set forth above in an amount within the minimum jurisdictional limits of this court; prejudgment interests on Plaintiff's damages as allowed by law; interest on the judgment at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Law Offices of Miller & Bicklein
519 Golder Avenue
Odessa, Texas 79761
432.550.3006 (T)
432.362.4624 (F)

By:   /s/ MARK A. CEVALLOS
      KEVIN B. MILLER
      kevin@mblaw.org
      STATE BAR NO. 14094500

      MARK A. CEVALLOS
      mark@mblaw.org
      STATE BAR NO. 24038810

      MATTHEW OLIVAREZ
      matthew@mblaw.org
      STATE BAR NO. 24088514

PLAINTIFF DEMANDS A JURY TRIAL

## CERTIFICATE OF SERVICE

By my signature, I hereby certify that a true and correct copy of the foregoing instrument was forwarded on this the 20th day of January, 2021to:

Chad L. Farrar
C. Brett Stecklein
Katie Harrison
Mullin Hoard & Brown, LLP
2515 McKinney Blvd., Suite 900
Dallas, Texas 75201
T:  214-754-0040
F:  214-754-0043
bstecklein@mhba.com
kharrison@mhba.com
finardone@mhba.com

ATTORNEYS FOR DEFENDANT

                                              s/   MARK A. CEVALLOS
                                              MARK A. CEVALLOS